UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Kenneth Galloway, | ) | C/A No. 5:15-cv-04006-RMG-KDW |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Linda Thomas, | ) | |
| Respondent. | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

Richard Kenneth Galloway ("Petitioner") is a federal prisoner, currently confined at FCI-Edgefield in Edgefield, South Carolina. Petitioner pleaded guilty to one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1), in the Western District of North Carolina ("the sentencing court") on February 27, 2006. Based on prior convictions, he was sentenced to an enhanced sentence of 180 months under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] *United States v. Galloway*, No. 1:05-cr-00251-MR-DLH (W.D.N.C.). The conviction

---

[1] Although neither his plea agreement nor the Judgment imposing his sentence cite or otherwise refer to the ACCA, *see United States v. Galloway*, No. 1:05-cr-251-MR-DLH-1, ECF Nos. 16, 22, the sentencing court's decision on Petitioner's initial § 2255 motion indicates that Petitioner was sentenced under both the ACCA and the sentencing guidelines. Order at 3,

1

and sentence were affirmed by the Fourth Circuit Court of Appeals. *Galloway v. United States*, 271 F. App'x 296 (4th Cir. 2008). The sentencing court found Petitioner's initial motion to vacate pursuant to 28 U.S.C. § 2255 untimely and waived under his plea agreement and denied it on February 18, 2015.[2] Order, *Galloway v. United States*, No. 1:12-cv-00256-MR (W.D.N.C.), ECF No. 25. The Fourth Circuit dismissed an appeal from that decision. *United States v. Galloway*, No. 15-6388 (4th Cir. June 23, 2015). On September 3, 2015, the sentencing court denied a second § 2255 motion that Petitioner filed in August 2015 in an effort to challenge his sentence under then-recent *Johnson v. United States*, 135 S. Ct. 2551 (2015). No. 1:15-cv-00176-MR (W.D.N.C.). Petitioner then submitted a § 2241 Petition to this court. On January 21, 2016, Petitioner sought authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. That court granted the requested authorization on April 26, 2016. *See* https://ecf.ca4.uscourts.gov/cmecf/servlet/TransportRoom?servlet=CaseSummary.jsp&caseNum=16-125&incOrigDkt=Y&incDktEntries=Y (last consulted June 7, 2016). On May 13, 2016, the sentencing court ruled on Petitioner's successive § 2255 motion and resentenced him to 120

---

*Galloway v. United States*, No. 1:12-cv-00256-MR (W.D.N.C.), ECF No. 25. Petitioner also states in the § 2241 Petition under review that he was sentenced under the ACCA. Pet. 3, ECF No. 1.

[2] On the waiver issue, the sentencing court stated, "In the present case, the record establishes that Petitioner knowingly and voluntarily waived his right to challenge his sentence in a post-conviction proceeding filed pursuant to 28 U.S.C. § 2255 or "similar authorities," except on the bases of ineffective assistance of counsel or prosecutorial misconduct. This Court conducted a thorough and careful Rule 11 colloquy, during which Petitioner affirmed that he understood that he was waiving both his right to appeal his sentence and his right to challenge his conviction or sentence in a post-conviction proceeding, and Petitioner does not argue that his plea was either unknowing or involuntary. Because the claims asserted by Petitioner fall within the scope of his post-conviction waiver, and all of the relief he seeks constitutes post-conviction relief, his motion must be dismissed." ECF No. 25 at 6-7. In a footnote, the court also determined that even if one or more of Petitioner's numerous prior convictions that were used as a basis for his ACCA sentence were not properly counted, he still "had three adequate predicate convictions [escape and two assault and battery] and was properly sentenced as an armed career criminal." *Id.* at 7 n.2.

months imprisonment. Order, *Galloway v. United States*, No. 1:16-cv-00117-MR (W.D.N.C. May 13, 2016), ECF No. 4.

In the Petition now under review, Petitioner claims, citing to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that he is "actually innocent of the enhanced sentence imposed under U.S.S.G. § 4B1.4 and is entitled to relief provided by Article 1, Section 9 Clause 2 of the Constitution." Pet. 3, ECF No. 1. Although his argument in this regard is not completely clear, it appears that Petitioner contends that the sentencing court improperly applied the ACCA's residual clause -- which the *Johnson* Court found void for vagueness -- to find that two of his prior convictions from 1976 were of the type that qualified him as a "career offender" under the ACCA. ECF No. 1 at 6 n.1 (referencing a letter from the Clerk of Court of Transylvania County, North Carolina attached to the Petition). In light of the contents of a letter attached to the Petition, although he does not expressly say so, Petitioner seems to be arguing that two of the prior convictions that were used to support his ACCA sentence were not convictions against him. *See* ECF No. 1-1 (letter indicating that two 1976 convictions "are in the name of Alvoid Galloway.").[3] Petitioner asks this court "to effect [his] release." ECF No. 1 at 7.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty

---

[3] Petitioner does not discuss the sentencing court's holding in its order dismissing his initial § 2255 motion that, regardless of the validity of some of predicate convictions used as support for his enhanced sentence, at least three of the prior state convictions (one escape and two assaults and batteries) were properly used to support his ACCA designation. Nor does he discuss the sentencing court's determination that his guilty plea waived any right to collaterally attack the underlying validity of his conviction or sentence. *See* supra note 1.

3

Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.    Discussion

The Petition under review should be dismissed because § 2241 is not the proper statutory basis for the challenge to his sentence that Petitioner raises. "[I]t is well established that

4

defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). On the other hand, a petition filed under § 2241 typically is used to challenge the manner in which a sentence is *executed*. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:"(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)). Petitioner's contention that the § 2255 remedy is an inadequate or ineffective means to provide the relief he now requests because his initial motion was denied in 2013, *see* ECF No. 1-2 at 4, does not require application of the savings clause in this case. *See In re Vial*, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion.") (citations omitted).

5

In addressing claims asserted under § 2241 relating to the validity of enhanced sentences, the Fourth Circuit has repeatedly held that the § 2255 savings clause preserves only claims in which the petitioner alleges actual innocence of a conviction, and does not extend to petitioners who challenge only their sentences, *see United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also Rouse v. Wilson*, 584 F. App'x 76, 76 (4th Cir. 2014) (noting that the district court properly determined a petitioner could not challenge a career-offender enhancement under § 2241); *Farrow v. Revell*, 541 F. App'x 327, 328-29 (4th Cir. 2013) (finding petitioner's challenge to ACCA sentence enhancement was not cognizable under § 2241 by way of the § 2255 savings clause).[4]

In this case, Petitioner provides no factual allegations to plausibly suggest that the conduct for which he was convicted -- being a felon in possession of a firearm -- has been deemed non-criminal by any substantive law change since his first § 2255 motion. Rather, Petitioner challenges the underlying validity of his enhanced sentence by impliedly asserting that only two of the numerous predicate offenses that were used to enhance his sentence do not apply to him. As noted above, under the *Poole*, *Rouse*, and *Farrow* holdings such challenges are not properly raised by federal prisoners through § 2241 in this Circuit. Furthermore, Petitioner cannot claim in good faith that the § 2255 remedy is ineffective and inadequate to test the

---

[4] This currently existing and binding Fourth Circuit precedent was confirmed by a panel of that court one month after the Supreme Court issued its *Johnson* opinion in *United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."), *reh'g en banc granted* (Dec. 2, 2015); *see also Id*. at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position."). However, the undersigned is aware that the *Surratt* panel opinion is no longer binding because the case is currently under en banc review. *See* Fed. R. App. P. 35(c) ("Granting of rehearing or rehearing en banc vacates the previous panel judgment and opinion; the rehearing is a review of the judgment or decision from which review is sought and not a review of the judgment of the panel.").

legality of his confinement because since the time of filing of this Petition, he was able to obtain relief in the nature of re-sentencing from the sentencing court under § 2255 after he filed this Petition. The undersigned finds that Petitioner cannot show that the §2255 remedy is inadequate or ineffective to test the legality of his detention under the *Johnson* decision.

Finally, to the extent that Petitioner's sole reference to "U.S.S.G. § 4B1.4" in his Petition, ECF No. 1 at 3, may be construed as an attempt to assert a claim of improper career-offender enhancement under the United States Sentencing Guidelines ("USSG") and not under the ACCA, his reliance on the Supreme Court's *Johnson* opinion is questionable. The *Johnson* opinion did not address the sentencing guidelines and the Fourth Circuit has not addressed the issue of whether *Johnson*'s holding applies to guidelines sentences. On April 18, 2016, the United States Supreme Court ruled that the *Johnson* holding may be retroactively applied to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). However, the *Welch* court did not address the specific issue of whether *Johnson*'s holding applies to both the ACCA and the USSG. As of this date, there is a split among the Circuits on this issue. *Compare United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015) ("Because the Guidelines are the beginning of all sentencing determinations, and in light of the unavoidable uncertainty and arbitrariness of adjudication under the residual clause, we hold that the residual clause of § 4B1.2(a)(2) is void for vagueness.") (internal quotation marks and citation omitted) *and United States v. Pawlack*, _ F.3d _,No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016) (applying *Johnson* to sentencing guidelines) *with United States v. Matchett*, 802 F.3d 1185, 1196 (11th Cir. 2015) (rejecting the argument that *Johnson* rendered the residual clause of Guidelines § 4B1.2(a)(2) unconstitutional, because advisory guidelines "cannot be unconstitutionally vague"). There is also a split among the district courts within the Fourth Circuit. *Compare United States v.*

*Cotton*, No. 7:15-CR-21-FL, 2015 WL 4757560, at *1 (E.D.N.C. Aug. 12, 2015) ("The advisory Sentencing Guidelines are not susceptible to vagueness challenges because they do not proscribe conduct."), *appeal docketed*, No. 15-4480 (4th Cir. Aug. 13, 2015), *and McRae v. United States*, No. CIV. PJM 13-3331, 2015 WL 4641167, at *4 n.1 (D. Md. Aug. 3, 2015) (stating that *Johnson* does not apply when a defendant challenges his career offender designation under the USSG because the Guidelines "require a different analysis being merely advisory") *with United States v. Litzy*, No. CR 3:15-00021, 2015 WL 5895199, at *7 (S.D. W. Va. Oct. 8, 2015) ("[E]nhancing a convicted individual's sentence under the residual clause of the career offender enhancement denies due process of law because the residual clause is unconstitutionally vague.") (internal citation omitted).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

June     , 2016                                              Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge

The parties' attention is directed to the important notice on the following page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).